IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEAUMA BEN ALEFOSIO,<br><br>     Plaintiff,<br><br>  v.<br><br>HAWAII EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION;<br>AMERICAN SAMOA<br>GOVERNMENT,<br><br>     Defendants. | CIV. NO. 24-00329 JMS-RT<br><br>ORDER GRANTING DEFENDANT<br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION'S<br>MOTION TO DISMISS, ECF NO. 98;<br>DENYING PLAINTIFF'S MOTION<br>FOR RECONSIDERATION, ECF<br>NO. 110; AND DENYING<br>PLAINTIFF'S REQUEST FOR ORAL<br>ARGUMENT, ECF NO. 109 |

**ORDER GRANTING DEFENDANT EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION'S MOTION TO DISMISS, ECF NO. 98;
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, ECF
NO. 110; AND DENYING PLAINTIFF'S REQUEST FOR ORAL
ARGUMENT, ECF NO. 109**

## I. <u>INTRODUCTION</u>

On August 5, 2024, pro se Plaintiff Leauma Ben Alefosio

("Alefosio") filed a Complaint against Defendants the Hawaii Equal Employment

Opportunity Commission ("the Hawaii EEOC"), and American Samoa

Government (the "ASG") relating to the termination of his employment from the

Office of the Public Defender for American Samoa.[1] ECF No. 1.  On June 6,

---

[1]  On March 19, 2025, the court dismissed the ASG from the case for lack of personal jurisdiction.  *Alefosio v. Haw. Equal Empl. Opportunity Comm'n*, 2025 WL 872187 (D. Haw. Mar. 19, 2025).

2025, the Hawaii EEOC filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  ECF No. 98.  For the following reasons, the Motion to Dismiss is GRANTED.

## II.  <u>BACKGROUND</u>

### A.    Factual Background

The full background of this action is set forth in the court's previous Order dismissing the ASG, ECF No. 64, *Alefosio*, 2025 WL 872187, at *1.  The facts are summarized here to the extent they are relevant to the instant Motion.

Alefosio contends that he formerly worked as an Investigator, Administrator, and Interpreter for the Office of the Public Defender of the ASG.  ECF No. 1 at PageID.2.  He alleges that he was retaliated against in a discriminatory manner by the ASG—particularly, by his supervisor, Michael White.  *Id*. at PageID.5.  After his salary was reduced in June 2020, Alefosio complained to "Governor Lolo."[2]  *Id.* at PageID.7–8.  After learning that Alefosio had complained to Governor Lolo, his supervisor subjected him to adverse actions in the workplace, culminating in Alefosio's termination.  *Id.* at PageID.8–9, 13.

---

[2]  "Governor Lolo" likely refers to Governor Lolo Matalasi Moliga, who served as Governor of American Samoa from January 3, 2013, to January 2, 2021.  Nat. Gov. Assoc., *Gov. Lolo Matalasi Moliga*, https://www.nga.org/governor/lolo-matalasi-moliga/ [https://perma.cc/9EHK-FESX].

On May 14, 2021, Alefosio filed a complaint with an Administrative Law Judge ("ALJ") in American Samoa, alleging claims of discrimination and retaliation. *Id*. at PageID.29. He informed the ALJ that he had filed a claim with the American Samoa EEOC and would soon file a claim with the Hawaii EEOC. *Id.*

On August 5, 2021, Alefosio submitted a pre-inquiry questionnaire and other evidence supporting his claims to the Hawaii EEOC. *Id.* at PageID.4, 20–21. He had an interview with a Hawaii EEOC employee, Emily Mauga, on August 31, 2021. *Id*. at PageID.21, 39. Mauga notified Alefosio that the Hawaii EEOC would dismiss his claims. *Id.* at PageID.24, 39. Alefosio sent the Hawaii EEOC five emails requesting reconsideration to both Mauga and Raymond Griffin, Mauga's supervisor. *Id.* at PageID.39–40. On September 1, 2021, Griffin confirmed by email that the Hawaii EEOC would dismiss Alefosio's claims and emailed Alefosio a copy of the charge form[3] for his signature. *Id.* at PageID.40–42. Alefosio decided not to file the charge form. *Id.* at PageID.22.

On May 13, 2024, Alefosio alleges that he submitted an amended pre-charge inquiry to the Hawaii EEOC reiterating the same claims he had made in

---

[3] A "charge form" refers to a formal Charge of Discrimination, which can be completed after submitting an inquiry to the EEOC and attending an interview. *See* U.S. Equal Empl. Opportunity Comm'n, *Filing a Charge of Discrimination*, https://www.eeoc.gov/filing-charge-discrimination [https://perma.cc/MM9P-Z95U].

August 2021.  *Id*. at PageID.46.  In response, the Hawaii EEOC informed him that the statute of limitations had expired, and he could not relate his 2024 submission back to his 2021 pre-inquiry questionnaire.  *Id.*  The next day, he requested a notice of right to sue.  *Id.*

**B.    Alefosio's Claims Against the Hawaii EEOC**

Alefosio alleges that the Hawaii EEOC committed various forms of misconduct in its handling of his charges against the ASG.  *See id*. at PageID.18–32.

In Count II, he alleges that the Hawaii EEOC violated Title VII because it did not investigate his claims.  *Id*. at PageID.18.  Though he "submitted compelling evidence," he alleges that his claim was "deliberately denied."  *Id.*

Count III similarly alleges that the Hawaii EEOC failed to conciliate his charges in violation of Title VII.  *Id.*

Count IV alleges that the Hawaii EEOC misled Alefosio about his rights.  *Id.* at PageID.18–19.  According to Alefosio, the Hawaii EEOC knew that he had filed a complaint with an ALJ in American Samoa, and that the employee who conducted his interview, Mauga, "remain[ed] silent" after informing him that the Hawaii EEOC "would be filing a dismissal of claims."  *Id.* at PageID.19.  She "made it seem that there was no other alternative for Alefosio to pursue his

discriminatory claim." *Id.*  So, Alefosio "felt there was no sense submitting a charge form." *Id.*

Count V alleges that the Hawaii EEOC concealed the ASG's wrongful conduct. *Id.*  According to Alefosio, "the Hawaii EEOC is responsible to the American Samoa EEOC Office.  The American Samoa EEOC Office is under the Office of the Governor of American Samoa." *Id.*  Alefosio believes that Mauga is "quite possibly a relative of Governor Lemanu" which "explains why the Hawaii EEOC did not investigate Alefosio's claims," "why [] Mauga refused to recuse herself" and "why [Mauga] remained silent after she told Alefosio that the Hawaii EEOC would be filing a dismissal of claims." *Id.* at PageID.19–20.  He also alleges that Griffin misled him by failing to inform him of his right to sue in court. *Id.* at PageID.20.

Count VI alleges fraudulent misrepresentation, based on Mauga's statement that "she would file a dismissal of all claims." *Id.* at PageID.21.  Similar to Count V, Alefosio alleges that she, along with Griffin, "remained silent even after the plaintiff sent five emails after the interview desperately asking the Hawaii EEOC to reconsider." *Id.* at PageID.21–22.  Alefosio alleges that had he been informed, he "would have submitted a timely charge form" and that he "submitted a timely Pre-Charge Inquiry which [he] thought was the charge form." *Id.* at PageID.22.

Count VII alleges negligence.  *Id.* at PageID.23.  Alefosio claims that the Hawaii EEOC breached its duty to inform him of his right to sue.  *Id.* at PageID.24.  Mauga was therefore negligent in failing to inform him of his rights and in failing to "recuse herself" when he asked her to.  *Id.*  Griffin was negligent in failing to ensure that Mauga abided by her duties.  *Id.*

Count VIII alleges negligent infliction of emotional distress because after his termination, Alefosio's wife left him to live in Texas with his youngest son.  *Id.* at PageID.26–27.

Count IX alleges that the Hawaii EEOC and the ASG conspired to commit fraud.  *Id.* at PageID.28.  Alefosio argues that a conspiracy can be inferred from the Hawaii EEOC and the ASG's conduct.  This court previously summarized the conspiracy allegations as follows:

> [Alefosio] argues that a conspiracy can be inferred from some or all of the following facts and circumstances. [ECF No.1] at PageID.31.  He alleges that "the Office of the Administrative Law Judge and the local [American Samoa] EEOC Office are both under the Office of the Governor"—i.e., they are both subunits of ASG.  *Id.* at PageID.19.  When Alefosio filed a complaint with the Office of the Administrative Law Judge in American Samoa, Administrative Law Judge ("ALJ") Marie Ala'ilima "focused the analysis of her decision on the wrong legal issue to mislead Alefosio."  *Id.* at PageID.30.  When he then filed a claim with the Hawaii EEOC, the employee that he communicated with, Mauga, knew from Alefosio that he had already filed a complaint before an ALJ in American Samoa, and "arbitrarily and

capriciously" refused to investigate his claims.  *Id.* at
PageID.30, 32.

Furthermore, in explaining to Alefosio that his
claim would be dismissed by the [Hawaii] EEOC, Mauga
"sounded suspicious," was "very dismissive," and gave
Alefosio a "confusing" explanation.  *Id.* at PageID.31.
He requested to speak to a different employee, but
Mauga refused.  *Id.* at PageID.24, 39; ECF No. 22-2 at
PageID.212.  Alefosio argues that this shows that Mauga
had a "hidden agenda," and he "suspected she was
related to Governor Lemanu who is implicated in the
suit."[4]  ECF No. 1 at PageID.31.  Because "there is
constant communication between [the American Samoa
EEOC and the Hawaii EEOC]," and the American Samoa
EEOC is supervised by the Office of the Governor
against which Alefosio's allegations are directed, "one
could infer that the [American Samoa] EEOC Office . . .
compromised Alefosio's chances" of filing claims with
the Hawaii EEOC.  *Id.*

ECF No. 64 at PageID.416–17; *Alefosio*, 2025 WL 872187, at *2.

In effect, Alefosio appears to allege that the connections between

American Samoa EEOC and the Office of the Governor, coupled with the

communication between American Samoa EEOC and the Hawaii EEOC "explains

why the Hawaii EEOC never bothered to conduct an investigation and made a

haste [sic] decision to file a dismissal of Alefosio's claims despite compelling

evidence."  ECF No. 1 at PageID.31.  He further alleges that the "fact that the

---

[4]  According to Alefosio, he asked Mauga whether she was related to Governor Lemanu
and she said "no."  ECF No. 22-2 at PageID.212.

Hawaii EEOC never bothered to investigate Alefosio's claim" proves that the Hawaii EEOC supported the ASG's plan to deny him his rights. *Id.* at PageID.32.

## C.    Procedural Background

This is Alefosio's third case in the District of Hawaii arising out of the same alleged facts against his former employer, the ASG.[5]  This case arises out of the same facts as Alefosio's two previous cases, but it adds the Hawaii EEOC alongside the ASG as a co-defendant.

Alefosio filed this suit on August 5, 2024.  The ASG moved to dismiss for lack of personal jurisdiction, which the court granted on March 19, 2025.  The Hawaii EEOC filed the instant Motion on June 6, 2025.  ECF No. 98.  Alefosio filed an Opposition on July 6, 2025, ECF No. 103, and the Hawaii EEOC filed a Reply on July 23, 2025.  ECF No. 104.  Alefosio filed a Response to the Hawaii EEOC's Reply on July 25, 2025, ECF No. 105, which the court struck

---

[5]  On April 26, 2024, Alefosio filed a Complaint in *Alefosio v. Am. Samoa Gov't*, Civ. No. 24-00196 DKW-KJM.  That case alleged the same set of operative facts as Alefosio alleges here: that he was terminated in a discriminatory manner from his position at the Office of the Public Defender.  *See id.*, ECF No. 1 at PageID.2–10.  The court dismissed that Complaint for improper venue.  *Alefosio v. Am. Samoa Gov't*, 2024 WL 2701536, at *2 (D. Haw. May 24, 2024), *reconsideration denied*, 2024 WL 3090178 (D. Haw. June 21, 2024).

Alefosio then filed a second case arising out of the same operative facts as the first, *Alefosio v. Am. Samoa Gov't*, Civ. No. 24-00281 DKW-WRP.  The Court dismissed that case— again, for improper venue—without leave to amend.  *See Alefosio v. Am. Samoa Gov't*, Civ. No. 24-00281 DKW-WRP, 2024 WL 3502992, at *3 (D. Haw. July 18, 2024).  Alefosio appealed the dismissal of his second case to the Ninth Circuit.  *See Alefosio v. Am. Samoa Gov't*, USCA No. 24-4506.  The Ninth Circuit ordered Alefosio to either voluntarily dismiss the appeal or file a statement explaining why the appeal was not frivolous.  Alefosio voluntarily dismissed the appeal.

because it had not granted Alefosio leave to file a Sur-Reply. *See* ECF No. 106;

*see also* Local Rule 7.2. Alefosio then moved for leave to file a Sur-Reply, ECF

No. 107, which the court denied for lack of good cause, *see* ECF No. 108.

Alefosio subsequently filed two motions: a Motion for Reconsideration of the

court's order denying his motion for leave to file Sur-Reply, ECF No. 110, and a

Request for an Opportunity to be Heard at Oral Argument, ECF No. 109. The

court addresses all three motions in this Order without a hearing pursuant to Local

Rule 7.1.

### III.  <u>STANDARDS OF REVIEW</u>

**A.      Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) permits a motion to dismiss

for lack of subject matter jurisdiction. A challenge to the court's jurisdiction under

Rule 12(b)(1) can be either "facial" or "factual." *Safe Air for Everyone v. Meyer*,

373 F.3d 1035, 1039 (9th Cir. 2004). A "facial" attack—like the one at issue

here—accepts the truth of the plaintiff's allegations but asserts that they "are

insufficient on their face to invoke federal jurisdiction." *Id.* The court resolves a

facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the

nonmovant's allegations as true and drawing all reasonable inferences in the

nonmovant's favor, the court determines whether the allegations are sufficient to

invoke the court's jurisdiction. *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

## B.    Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Cap. Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). Rule 12 is read in conjunction with Rule 8(a)(2), which "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *id.*). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must offer "more than labels and conclusions," and instead contain "enough factual matter" indicating "plausible" grounds for relief, not merely "conceivable" ones.

*Banks v. N. Tr. Corp.*, 929 F.3d 1046, 1055–56 (9th Cir. 2019) (citing *Twombly*, 550 U.S. at 555–56).  And in a 12(b)(6) analysis, the court accepts as true the material facts alleged in the complaint and construes them in the light most favorable to the nonmovant.  *Steinle v. City & County of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (citation omitted).

## C.    Pro Se Plaintiff

Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint and resolves all doubts in Plaintiff's favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam).  The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013).  When a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

11

## IV. <u>DISCUSSION</u>

Alefosio cites numerous bases for his claims in his Complaint and his Opposition.  In his Complaint, he predominantly relies on Title VII.  *See generally* ECF No. 1 at PageID.5–32, 51.  In his Opposition, he refers to the Federal Tort Claims Act ("FTCA") (28 U.S.C. §§ 1346(b), 2671–2680), the Administrative Procedure Act ("APA"), 42 U.S.C. §§ 1981, 1983, 1985, and 1986, the Fourteenth Amendment (due process clause), and the Fifth Amendment (equal protection and due process).  *See generally* ECF No. 103-1.

It is not always obvious from the Complaint which counts are brought under what legal theory.  Count II, the Hawaii EEOC's failure to investigate Alefosio's claims, and Count III, the Hawaii EEOC's failure to conciliate Alefosio's claims, are alleged as violations of Title VII.  ECF No. 1 at PageID.18. Alefosio did not cite any legal authority for Counts IV (the Hawaii EEOC misleading Alefosio of his rights) and V (the Hawaii EEOC concealing the ASG's wrongful conduct) in his Complaint, but based on his Opposition, these seem to be brought under both Title VII and the APA.[6]  *Id.* at PageID.18–20; ECF No. 103-1 at PageID.648–650.  Count VI (fraudulent misrepresentation), Count VII

---

[6]  In a section entitled "Plaintiff has a legitimate APA Claim" he argues that Emily Mauga misled him of his right to sue, ECF No. 103-1 at PageID.648, and that the ASG and the Hawaii EEOC conspired to fail to notify him regarding "issues of waiver of rights and FEB jurisdiction concerning his claim," *id.* at PageID.648–650.

12

(negligence), and Count VIII (negligent infliction of emotional distress) are tort claims. ECF No. 1 at PageID.20–28. Count IX (conspiracy to commit fraud) most likely alleges a conspiracy to commit a tort. *Id.* at PageID.28–32. Based on Alefosio's allegations, it appears that at least Count II (the Hawaii EEOC's failure to investigate his claims), Count V (the Hawaii EEOC concealed the ASG's wrongful conduct), and Count IX (the Hawaii EEOC conspired with the ASG to commit fraud) rest to some extent on allegations of conspiracy.

The court addresses each of Alefosio's claims in turn.

## A.    Alefosio Has Not Stated Any Cognizable Title VII Claim

Counts II and III (and other counts, to the extent they are brought under Title VII) fail because there is no private right of action under Title VII against the Hawaii EEOC for alleged negligence in processing a charge:

> Congress did not expressly create a cause of action against the EEOC by employees of third parties. *See* 42 U.S.C. §§ 2000e–1 to –17. Only present or former employees of the EEOC (or applicants for employment) who allege an unlawful employment practice committed by the EEOC as an employer may bring a Title VII action against the EEOC.

*Ward v. E.E.O.C.*, 719 F.2d 311, 313 (9th Cir. 1983).[7] Thus, Alefosio cannot sue the Hawaii EEOC under Title VII.

---

[7] *Ward*'s determination relied on a now-overruled four-factor test for an implied private right of action: "(1) the plaintiff represents a class for whose benefit the statute was enacted;

(continued . . . )

Counts II and III, and any other Counts premised on Title VII, are

DISMISSED.

**B.    Alefosio Has Not Stated a Claim Under the APA**

Counts IV (the Hawaii EEOC misleading Alefosio of his rights) and

V (the Hawaii EEOC concealing the ASG's wrongful conduct) appear to be

alleged under the APA (in combination with Title VII).  *See generally* ECF No.

103-1 at PageID.642–651.  To the extent that Alefosio's claims are alleged under

the APA, those claims fail because the actions that Alefosio describes are not final

agency actions.

Under the APA, "[a]gency action made reviewable by statute and

final agency action for which there is no other remedy in court are subject to

judicial review."  5 U.S.C. § 704.  Agency action "includes the whole or part of an

agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or

failure to act."  5 U.S.C. § 551(13).  For an agency action to be reviewable, that

action must have "determinate consequences for the party to the proceeding."  *Int'l*

---

(2) there is explicit or implicit legislative intent to create such a remedy; (3) it is consistent with
the underlying legislative scheme to imply such a remedy for the plaintiff; and (4) the cause of
action is one traditionally relegated to state law."  *Ward,* 719 F.2d at 313 (citing *Cort v. Ash,* 422
U.S. 66, 78 (1975)).  In overruling that test, the Supreme Court indicated that congressional
intent (formerly, factor (2)) was the determinative factor.  *Thompson v. Thompson,* 484 U.S. 174,
189 (1988) (Scalia, J., concurring).  *Ward* itself relied on congressional intent, determining that
"the legislative history of the 1972 amendment to Title VII strongly indicates that Congress did
not intend to imply a private cause of action against the EEOC."  *Id.; see also Bilbrew v. DeJoy*,
851 F. App'x 802 (9th Cir. 2021) (applying *Ward* post-*Thompson*).

*Tel. & Tel. Corp., Commc'ns Equip. & Sys. Div. v. Loc. 134, Int'l Bhd. of Elec. Workers, AFL-CIO*, 419 U.S. 428, 443 (1975) ("Investigatory proceedings, no matter how formal, which do not lead to the issuance of an order containing the element of final disposition as required by the definition, do not constitute adjudication.") (brackets and quotation marks omitted); *Ward*, 719 F.2d at 313; *Persik v. Tucci Learning Sols., Inc.*, 2007 WL 2298039, at *3 (N.D. Cal. Aug. 8, 2007) (holding that a claim against the EEOC for failure to follow EEOC's own procedures was unreviewable under the APA).

"The EEOC's negligence or inaction in the internal processing of a complaint has no determinate consequences because such actions are merely preparatory to a lawsuit by either the EEOC or the charging party in federal district court; only the district court may fix liability." *Ward*, 719 F.2d at 313–14. Alefosio only engaged the preliminary stages of the Hawaii EEOC's procedure for processing an employee complaint:  He submitted a pre-charge Inquiry Form, had an interview with Mauga, and decided not to submit a charge form.  ECF No. 1 at PageID.19.  Thus, even if someone at the Hawaii EEOC negligently failed to inform Alefosio of his right to sue the ASG, or falsely informed him that his complaints were being "dismissed," there is no final agency action.

Counts IV and V, and any other Counts premised on the APA, are DISMISSED.

15

**C.     The Court Does Not Have Subject Matter Jurisdiction over Alefosio's Tort Claims Under the FTCA**

"[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan*, 424 U.S. 392, 399 (1976) (citation omitted); *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Sovereign immunity applies to federal agencies and officials. *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 687–88, 693 (1949) (if an agency "is exercising [the powers delegated to it by the sovereign] the action is the sovereign's and a suit to enjoin it may not be brought unless the sovereign has consented."). A plaintiff, as the party asserting a claim against the United States, bears the burden of establishing a clear waiver of sovereign immunity. *United States v. Park Place Assoc., Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009).

Under the FTCA's limited waiver of sovereign immunity, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. But 28 U.S.C. § 2680 sets forth several exceptions to this rule—notably, for "assault, battery, false imprisonment,

false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."

Count VI (fraudulent misrepresentation), Count VII (negligence), and Count VIII (negligent infliction of emotional distress) are all predicated on the Hawaii EEOC's failure to advise Alefosio that he could still file suit, and thus fall under 28 U.S.C. § 2680's exceptions for "misrepresentation" and/or "deceit."[8] *See Abbey v. United States*, 112 F.4th 1141, 1145–47 (9th Cir. 2024) (stating that the misrepresentation exception encompasses claims *arising out of* misrepresentation or deceit); *Esquivel v. United States*, 21 F.4th 565, 577 (9th Cir. 2021) ("[C]laims against the United States for fraud or misrepresentation by a federal officer are absolutely barred . . . .") (quoting *Kim v. United States*, 940 F.3d 484, 492 (9th Cir. 2019)).

Because the United States has not waived sovereign immunity for torts of "misrepresentation" or "deceit," Counts VI, VII, and VIII are DISMISSED for failure to state a claim and for lack of subject matter jurisdiction.

**D.    Alefosio Has Not Stated a Claim Under the Fifth or Fourteenth Amendments, or 42 U.S.C. §§ 1981, 1983, 1985, or 1986**

Constitutional amendments themselves do not create direct causes of action. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

---

[8]  It is not clear whether Count IX, "conspiracy to commit fraud," is brought under Title VII, 42 U.S.C. § 1985, or state law.  It is addressed individually in the next section.

2001).  And although a plaintiff may bring an action pursuant to 42 U.S.C. § 1983

for "the deprivation of any rights, privileges, or immunities secured by the

Constitution" against a person acting "under color of any statute, ordinance,

regulation, custom, or usage, of any State," there is no "basis for a claim under

section 1983, in that [Plaintiff's] allegations are against federal officials acting

under color of federal law." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir.

1987).[9]

      Liberally construed, Plaintiff may be attempting to assert a claim

under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S.

388 (1971).  But any *Bivens* claim fails.

      Expanding *Bivens* is a "'disfavored' judicial activity." *Ziglar v.

Abbasi*, 582 U.S. 120, 135 (2017) (citation omitted); *Egbert v. Boule*, 596 U.S.

482, 491 (2022) ("At bottom, creating a cause of action is a legislative endeavor.").

In deciding whether a *Bivens* remedy is available in a particular case, courts apply

a two-step framework.  *Pettibone v. Rullell*, 59 F.4th 449, 454 (9th Cir. 2023).  At

step one, courts "ask whether the case presents 'a new *Bivens* context.'" *Egbert*,

596 U.S. at 492.  If the answer is "no," then no further analysis is required, and the

---

[9]  To the extent Plaintiff is claiming a conspiracy between the ASG (or individuals employed by the ASG) and the Hawaii EEOC (or individuals employed by the Hawaii EEOC) under a joint action theory, *see O'Handley v. Weber*, 62 F.4th 1145, 1159 (9th Cir. 2023), and even if such a claim could be made against the federal government or a federal employee, as set forth below Plaintiff has fallen well short of alleging the necessary requirements of a civil conspiracy.

18

claim may proceed. *See Lanuza v. Love*, 899 F.3d 1019, 1023 (9th Cir. 2018). If

the answer is "yes," then the court proceeds to step two. *Id.* If the claim arises in a

new context, courts must ask whether an "'alternative, existing process for

protecting' the plaintiff's interests" exists, *W. Radio Servs. Co. v. U.S. Forest

Serv.*, 578 F.3d 1116, 1120 (9th Cir. 2009) (quoting *Wilkie v. Robbins*, 551 U.S.

537, 550 (2007)), or whether other "special factors" counsel against such

expansion by the judiciary. *Lanuza*, 899 F.3d at 1028. If there is even a "single

sound reason" to think that Congress might doubt the efficacy or necessity of a

damages remedy, courts must refrain from creating it." *White v. Derr*, 2023 WL

2588013, at *3 (D. Haw. Mar. 21, 2023) (quoting *Egbert*, 596 U.S. at 491).

Here, no existing Supreme Court precedent authorizes a *Bivens* cause

of action against a federal official for any conduct similar to that alleged by

Alefosio—that is, Alefosio's claim arises in a "new *Bivens* context." *Egbert*, 596

U.S. at 492. Further, there are many reasons to doubt that Congress would approve

of a damages remedy here. Congress already provided a remedy for challenging

actions of agency personnel (including unconstitutional action) with the APA—and

Congress limited that remedy to final agency actions. *See, e.g.*, *United States v.

Sandwich Isles Commc'ns, Inc.*, 398 F. Supp. 3d 757, 784 (D. Haw. 2019). It is

highly unlikely that Congress would approve a *Bivens* remedy for the *non-final*

actions of EEOC employees (i.e., allegedly misleading Alefosio as to his right to

sue in court).  In short, *Bivens* does not apply to this case.

Nor do §§ 1981, 1985 or 1986 help Alefosio.  To the extent that

Alefosio's claims implicate § 1981, it—like § 1983—only applies when officials

act "under color of state law."  *Magassa v. Mayorkas*, 52 F.4th 1156, 1162–63 (9th

Cir. 2022).  And "the absence of a section 1983 deprivation of rights precludes a

section 1985 conspiracy claim predicated on the same allegations."  *Caldeira v.

Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989).  Finally, a § 1986 claim must

be predicated on a viable § 1985 claim.  *Trerice v. Pedersen*, 769 F.2d 1398, 1403

(9th Cir. 1985).

Any Counts premised on the Fifth or Fourteenth Amendments, or 42

U.S.C. §§ 1981, 1983, 1985, or 1986, are DISMISSED.

## E.    Alefosio Has Not Stated a Plausible Conspiracy Claim

In its previous Order dismissing the ASG from the case, this court

determined that Alefosio's conspiracy claims were "entirely conclusory and fail to

give rise to an inference of conspiracy."  ECF No. 64 at PageID.428.  This remains

true.

Under Hawaii law, "[a] civil conspiracy claim [] has three elements:

(1) the formation of a conspiracy; (2) wrongful conduct in furtherance of the

conspiracy, i.e., an actionable claim based upon deceit; and (3) damage.  *Bralich v.*

20

*Sullivan*, 2018 WL 1938297, at *10 (D. Haw. Apr. 23, 2018).  "The essence of

conspiracy is in an agreement."  *Id.* at *11 (citation omitted).  The same is true

under federal law:  "To state a claim under § 1985(3), a plaintiff must first show

that the defendants conspired—that is, reached an agreement—with one another."

*Ziglar*, 582 U.S. at 154.

Alefosio has not plausibly alleged an agreement.  In essence, he

alleges that American Samoa EEOC and the Office of the Governor (which

oversees his former employer), are connected, and that those connections—in

combination with the alleged constant communication between American Samoa

EEOC and Hawaii EEOC—"explain[] why the Hawaii EEOC never bothered to

conduct an investigation and made a haste [sic] decision to file a dismissal of

Alefosio's claims despite compelling evidence."  ECF No. 1 at PageID.31.  In a

circular fashion, he concludes that the "fact that the Hawaii EEOC never bothered

to investigate Alefosio's claim" proves that the Hawaii EEOC conspired with the

ASG.  *Id.* at PageID.32.

The only facts from which this court might infer a conspiracy are

(1) that the Hawaii EEOC did not investigate Alefosio's claims, and (2) that

Alefosio believes Mauga is related to Governor Lemanu (which Mauga denied).

ECF No. 22-2 at PageID.212.  Irrespective of the exact legal basis of Alefosio's

conspiracy claim (federal or state law), he has not alleged sufficient factual matter

to state "plausible" grounds for relief, not merely "conceivable" ones.  *Banks*, 929

F.3d at 1055–56 (citing *Twombly*, 550 U.S. at 555–56).  Thus, Count IX is

DISMISSED.

## F.    Leave to Amend

The court has considered every legal basis for Alefosio's claims cited

in its Complaint, and a number of additional ones cited in his Opposition, and finds

no viable claims.  And even if the court considers additional facts set forth in

Alefosio's Opposition, the court likewise finds no viable claims.  For lack of good

cause, the court also DENIES Alefosio's motion for reconsideration of its denial of

his request for leave to file a Sur-Reply and his request for oral argument, ECF

Nos. 109 and 110.[10]

Although the court has struck Alefosio's proposed Sur-Reply, the

court reviewed and considered the proposed Sur-Reply for the purpose of

determining whether amendment would be futile.  The proposed Sur-Reply does

nothing to save any of Alefosio's claims.  Given that this is Alefosio's third case in

this District based on these allegations, and he has had ample opportunities to state

---

[10]    In support of his motion for reconsideration, Alefosio argues that the Hawaii EEOC
impermissibly made several arguments for the first time in its Reply.  ECF No. 107 at
PageID.713–714.  The court disagrees.  These alleged new arguments are all either in the Hawaii
EEOC's Motion to Dismiss or proper responses to Alefosio's arguments in his Opposition.
Further, the court determines that oral argument would not aid the court in its decision-making
process.

a claim against Hawaii EEOC, any effort to amend would be futile.  His claims are therefore dismissed without leave to amend.  *See, e.g.*, *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023) ("Although leave to amend should be given freely . . . denying leave is not an abuse of discretion if 'it is clear that granting leave to amend would have been futile . . . .'") (quoting *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)).

## V.  CONCLUSION

For the reasons set forth above, the court GRANTS the Hawaii EEOC's Motion, ECF No. 98, DENIES Alefosio's Motion for Reconsideration, ECF No. 110, and DENIES Alefosio's Request for Oral Argument, ECF No. 109. Alefosio's Complaint against the Hawaii EEOC is DISMISSED.  There being no other defendants or claims, the Clerk shall enter final judgment and close the case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 2, 2025.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge